Filed 11/18/24 P. v. Koger CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>SETH ANDREW KOGER,<br><br>　　　Defendant and Appellant. | H051467<br>(Santa Clara County<br>　Super. Ct. No. C1359290) |

## I. INTRODUCTION

In 2014, defendant Seth Andrew Koger[1] was sentenced to 15 years in prison. In sentencing defendant, the trial court struck the punishment for a prior prison term enhancement (Pen. Code, § 667.5, former subd. (b))[2] that arose out of defendant's prior conviction for battery resulting in serious bodily injury.

In 2023, after the Legislature limited the circumstances in which a prior prison term enhancement may apply, defendant filed an application for resentencing under section 1172.75 regarding the now invalid prior prison term enhancement. The trial court denied defendant's petition after concluding that the statute does not apply when the punishment for the enhancement has been stricken by the original sentencing court.

---

[1] The record on appeal includes documents in which defendant's last name is also spelled as "Kroger."

[2] All further statutory references are to Penal Code unless otherwise indicated.

On appeal, defendant contends that the trial court erred in determining that section 1172.75 does not apply if the punishment for the prior prison term enhancement has been stricken. For reasons that we will explain, we conclude that defendant is entitled to have his sentence recalled under section 1172.75. We will therefore reverse the trial court's order and remand the matter for further proceedings under section 1172.75, subdivision (d).

## II. BACKGROUND

### A. *Defendant's Convictions and Sentence*

In 2014, defendant was convicted by jury of inflicting corporal injury on a cohabitant (§ 273.5, former subd. (a)). Allegations were found true that defendant inflicted great bodily injury (§ 12022.7, subd. (e)), suffered a prior serious felony conviction (§ 667, former subd. (a)), suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12), and served a prior prison term (§ 667.5, former subd. (b)). The record reflects that defendant's prior prison term was based on a conviction for battery resulting in serious bodily injury. In the instant case, the trial court sentenced defendant to 15 years in prison. The sentence consisted of the middle term of three years, doubled; a consecutive term of four years for the great bodily injury enhancement; and a consecutive term of five years for the prior serious felony enhancement. The court struck the punishment for the prior prison term enhancement, and the abstract of judgment reflects that the punishment for this enhancement was stricken.

### B. *Change in Law Regarding Prior Prison Term Enhancements*

Effective January 1, 2020, the law changed to provide that prior prison term enhancements under section 667.5, subdivision (b) are limited to cases in which the defendant's prior prison term was for a sexually violent offense. (Stats. 2019, ch. 590, § 1; *People v. Velasco* (2023) 97 Cal.App.5th 663, 667, fn. 2 (*Velasco*).) Further, "[i]n 2021, the Legislature enacted Senate Bill 483, which sought to make the changes . . . retroactive" and which provides for resentencing in certain cases. (*Velasco*, *supra*, at

p. 667, fn. 2; see former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

Defendant was apparently identified by the Department of Corrections and Rehabilitation as having a legally invalid prior prison term enhancement. (See § 1172.75, subd. (b).)[3] In August 2023, defendant filed an application for resentencing. He contended that although the punishment for the prior prison term enhancement had been stricken, he was entitled to a full resentencing under section 1172.75.

The prosecutor filed opposition to the petition. The prosecutor contended that section 1172.75 only applies to a prior prison term enhancement that was imposed and that resulted in additional custody time. Because the punishment for defendant's prior prison term enhancement was stricken, the prosecutor argued that defendant was not entitled to resentencing.

After a hearing on September 20, 2023, the trial court denied defendant's petition. In a written order, the court concluded that "where the punishment for the [prior prison term] enhancement was stayed, stricken or dismissed," section 1172.75 "does not apply."

### III. DISCUSSION

#### A. *Parties' Contentions*

On appeal, defendant contends that he is entitled to a full resentencing under section 1172.75 even though the punishment for his prior prison term enhancement was stricken. First, he argues that the term "imposed" in section 1172.75 includes an enhancement where the punishment has been stricken. Second, defendant contends that section 1172.75's references to "a judgment" that "includes" a prior prison term enhancement encompasses any defendant, such as him, who has an enhancement on the

---

[3] At the subsequent hearing on defendant's petition to be resentenced, defendant's trial counsel indicated that defendant "appear[ed] on the CDCR recall list." The prosecutor did not dispute this statement.

abstract of judgment, regardless of whether the punishment was stricken.  (*Id.*, subds. (b) & (c).)  Third, he argues that the legislative intent for section 1172.75 was to reduce sentences which is furthered by a broad interpretation of the section.  Fourth, to the extent there is ambiguity in the statute, defendant contends that the rule of lenity requires the ambiguity to be resolved in his favor.  Fifth, he argues that if section 1172.75 is interpreted to allow resentencing for only some defendants who have an invalid prior prison term enhancement on their abstract of judgment, other defendants such as him will be denied equal protection under the federal and state Constitutions.  He also argues that his equal protection claim has not been forfeited by his failure to raise it below.

The Attorney General contends that, based on statutory language and legislative history, section 1172.75 provides relief for only those defendants who will serve time for a prior prison term enhancement that was imposed and executed.  Because the punishment for defendant's enhancement was stricken, the Attorney General argues that defendant is not entitled to resentencing.  The Attorney General also contends that the existence of a repealed enhancement on an abstract of judgment "is insufficient to trigger a right to resentencing under section 1172.75."  The Attorney General further argues that defendant forfeited his equal protection claim and that the claim is also without merit.

**B.  *General Legal Principles Regarding Resentencing for Invalid Prior Prison Term Enhancements Under Section 1172.75***

Effective January 1, 2020, section 667.5, subdivision (b) enhancements only apply to prior prison terms for sexually violent offenses.  (*Velasco*, *supra,* 97 Cal.App.5th at p. 667, fn. 2.)  A defendant with a now invalid prior prison term enhancement may be entitled to recall of sentence and resentencing under section 1172.75.

Section 1172.75 requires the Secretary of the Department of Corrections and Rehabilitation to "identify those persons in . . . custody currently serving a term for a judgment that includes [a legally invalid] enhancement" and to provide the defendant's name and case number, among other information, "to the sentencing court that imposed

4

the enhancement." (*Id.*, subd. (b).)  This information must be provided first for individuals "currently serving a sentence based on the enhancement" and later "for all other individuals." (*Id.*, subd. (b)(1), (2).)  After the trial court receives the information, the court "shall review the judgment and verify that the current judgment includes [an invalid] sentencing enhancement" and then "recall the sentence and resentence the defendant." (*Id.*, subd. (c).)  This review and resentencing must be completed first for defendants "currently serving a sentence based on the enhancement" and later "for all other individuals." (*Id.*, subd. (c)(1), (2).)

Subdivision (d) of section 1172.75 contains several requirements regarding resentencing.  "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).)  Further, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).)  In addition, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

### C. *Analysis*

In *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*), a different panel of this court determined, over a dissent, that a defendant is entitled to resentencing under section 1172.75 when the punishment for the

defendant's prior prison term enhancement was stricken by the original sentencing court. (*Espino*, *supra*, at p. 193; but see *id*. at pp. 202–206 (dis. opn. of Lie, J.).) In reaching this conclusion, the majority in *Espino* analyzed the meaning of the word "imposed" in section 1172.75, subdivision (a) and determined that "section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Espino*, *supra*, at p. 193.) The majority in *Espino* explained that its interpretation was consistent with the majority view among the Courts of Appeal that a defendant with a prior prison term enhancement that has been stayed is entitled to resentencing under section 1172.75. (*Espino*, *supra*, at pp. 195–196, 198; compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48–49 [§ 1172.75 does not authorize resentencing for stayed prior prison term enhancements], review granted Feb. 21, 2024, S283169, with *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 [§ 1172.75 requires resentencing for stayed prior prison term enhancement]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [§ 1172.75 requires resentencing for stayed prior prison term enhancement], review granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272–1273 [§ 1172.75 requires resentencing for stayed prior prison term enhancements], review granted Mar. 12, 2024, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 668 [§ 1172.75 "applies to prior prison term enhancements that have been imposed and stayed"], review granted Aug. 14, 2024, S285853.)

In this case, the record reflects that defendant's prior prison term enhancement was not for a sexually violent offense. Although the punishment for the enhancement was stricken, we agree with the reasoning in *Espino* and conclude that section 1172.75 applies when a prison prior was imposed but the punishment was struck by the original sentencing court. (*Espino*, *supra*, 104 Cal.App.5th at pp. 193, 198, review granted.) Accordingly, we conclude that defendant is eligible for recall and resentencing under

6

section 1172.75.  We will remand the matter for further proceedings under section 1172.75, subdivision (d).

## IV.  DISPOSITION

The September 20, 2023 order denying resentencing is reversed, and the matter is remanded for further proceedings under Penal Code section 1172.75, subdivision (d).

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

**_People v. Koger_**
**H051467**